Depoy et. al. v. The Trustees of the Gill Odd Fellows' Home of Vermont, No. 155-3-11 Wrcv (Teachout, J., Nov. 26, 2013).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                          CIVIL DIVISION
Windsor Unit                                           Docket No. 155-3-11 Wrcv

TRICIA DEPOY and
NANCY GRATTAN,

      Plaintiffs,

v.

THE TRUSTEES OF THE GILL ODD
FELLOWS' HOME OF VERMONT,

      Defendant.

## DECISION
## Defendant's Motion in Limine (Hearsay Testimony from Plaintiff Depoy's Husband) (Motion #14)

At his deposition on March 20, 2012, Plaintiff Tricia Depoy's husband, Dr. Cecil Beehler, testified that he had overheard Plaintiff Depoy say that she would have returned to work for Defendant if she were guaranteed a safe and nonhostile place to work (the "Statement") during a conversation with Defendant's attorney.[1] Dr. Beehler was unsure of the exact date Plaintiff Depoy made the Statement, but was certain that she made it sometime after January 24, 2011, the date Defendant accepted Plaintiff Depoy's resignation.

Through a motion in limine filed September 6, 2013, Defendant requested an order precluding Plaintiff Depoy from offering any testimony from Dr. Beehler about the Statement or making any reference at trial to the Statement. Defendant alleged that Dr. Beehler's testimony regarding the Statement constituted inadmissible hearsay. Plaintiff Depoy objected to Defendant's motion in limine on September 20, 2013, arguing that Dr. Beehler's testimony about the Statement was admissible because it demonstrated Plaintiff Depoy's then-existing state of mind.

On September 25, 2013, Defendant filed a reply, asserting that Dr. Beehler's testimony about the Statement did not show Plaintiff's then-existing state of mind because it addressed her earlier state of mind from the time of her resignation. Defendant further argued that Dr. Beehler's testimony about the Statement was irrelevant and cumulative of Plaintiff Depoy's own testimony regarding her resignation.

---

[1] Specifically, according to Dr. Beehler, Plaintiff Depoy stated that "All she wanted was a safe and nonhostile place to work." Pl. Exh. 1, filed Sept. 20, 2013, 99:3-4.

## ANALYSIS

V.R.E. 803 establishes that "[a] statement of the declarant's then-existing state of mind, emotion, sensation, or physical condition…, but not including a statement of memory or belief to prove the fact remembered or believed" is excluded from the hearsay rule. V.R.E. 803(3). Accordingly, statements regarding a declarant's then-existing state of mind are generally admissible. However, the party attempting to have such statements admitted must show that "(1) the statement was contemporaneous with the mental state to be proved, (2) the declarant had no time to fabricate or misrepresent thoughts, and (3) the state of mind is relevant to an issue in the case." *State v. Verrinder*, 161 Vt. 250, 259 (1993).

Here, although Plaintiff Depoy's state of mind at the time of her resignation from Defendant is arguably relevant, the Statement does not satisfy the first and second requirements from *Verrinder*. The conversation where Plaintiff Depoy made the Statement occurred after she had resigned from Defendant. Her state of mind at that time is irrelevant in this case because Plaintiff Depoy had already resigned and her feelings towards Defendant or about her resignation could have changed since January 24, 2011.

The Statement also implies that Plaintiff Depoy resigned from Defendant because she felt that it was an unsafe and hostile work environment at the time of her resignation. This state of mind is relevant because it tends to prove Plaintiff Depoy's reasons for resigning. However, the Statement cannot be admitted to demonstrate Plaintiff Depoy's earlier state of mind.

V.R.E. 803(3) specifically excludes "a statement of memory or belief to prove the fact remembered or believed" from its scope. V.R.E. 803(3). In this case, Plaintiff Depoy wants to admit the Statement, which expresses her memory regarding how she felt about the work environment at Defendant when she resigned, to prove that she felt that way at the time of her resignation. The Statement cannot be admitted for this purpose because it constitutes hearsay. Accordingly, Defendant's Motion in Limine must be granted.

## ORDER

Defendant's Motion in Limine is hereby *granted*.

Dated at Woodstock, Vermont, this ___ day of November, 2013.

_____
Honorable Mary Miles Teachout
Superior Court Judge

2